THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAFEWORKS, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TEUPEN AMERICA, LLC, EXTREME ACCESS SOLUTIONS, INC., THE SPIDERLIFT COMPANY, INC., AND LEONARDO POLONSKI,<br><br>Defendants. | No. C08-1219Z<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff SafeWorks, LLC's Motion for Attorneys' Fees and Costs, docket no. 100.  After a bench trial, the Court awarded plaintiff its reasonable attorneys' fees incurred in the prosecution of its Lanham Act claims for trademark infringement.  Findings of Fact & Conclusions of Law, docket no. 96, CL ¶ 29.  Plaintiff seeks $286,767.29 in attorneys' fees, which includes $11,143.79 in non-taxable costs.  Having considered the briefs and declarations in support of and in opposition to the motion, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Attorneys' Fees and Costs, docket no. 100.

ORDER - 1

The Court awards SafeWorks a total of $175,433.21 in attorneys' fees, which includes $4,348.79 in non-taxable costs, against Defendants Teupen America, LLC and Extreme Access Solutions, Inc.

## I. BACKGROUND

On August 13, 2008, Plaintiff filed this suit against Defendants Leonardo Polonski, Teupen America, LLC, The Spiderlift Company, and Extreme Access Solutions, Inc. Compl., docket no. 1. Plaintiff's complaint alleged that the defendants were collectively liable for trademark infringement (15 U.S.C. § 1114), false designation of origin, false advertising and unfair competition (15 U.S.C. § 1125(a)), dilution (15 U.S.C. § 1125(c)), violations of Washington's Consumer Protection Act (the "CPA") (RCW 19.86) and common law breach of contract. Compl., docket no. 1. See Am. Compl., docket no. 14.

Prior to trial, plaintiff withdrew its claim for dilution. See Pretrial Order, docket no. 87. The Court conducted a bench trial between May 10 and May 13, 2010. On June 16, 2010, the Court issued Findings of Fact and Conclusions of Law in favor of plaintiff and against defendants Teupen America, LLC and Extreme Access Solutions, Inc. on plaintiff's claims for trademark infringement and false designation of origin under the Lanham Act. Findings of Fact & Conclusions of Law, docket no. 96, CL ¶ 10. The Court further concluded that plaintiff had not prevailed on its CPA or breach of contract claims against any defendant, and had failed to prove individual liability against Mr. Polonski. Id. at ¶¶ 14-16. The Court found that the defendants'

willful conduct rendered the case "exceptional" under the Lanham Act, and awarded the plaintiff its reasonable attorneys' fees against defendants Teupen America, LLC and Extreme Access Solutions, Inc., in an amount to be determined. Id. at ¶¶ 29-30.

## II.  DISCUSSION

### A. Attorneys' Fees

Generally, courts use the lodestar method to establish reasonable attorneys' fees when fees are available by statute. See Cairns v. Franklin Mint Co., 292 F.3d 1139, 1157 (9th Cir. 2002). The Court must first set a presumptive lodestar figure by multiplying the hours reasonably expended in the litigation by the reasonable hourly rate. Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) quoting Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 622 (9th Cir. 2003). The Court may then adjust the presumptively reasonable lodestar figure based on equitable considerations, and the factors set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975). Gracie, 217 F.3d at 1070; Rolex Watch, U.S.A., Inc. v. Michel Co., 179 F.3d 704, 711 (9th Cir. 1999) (holding that fee awards under the Lanham Act may be adjusted to account for equitable considerations).

### 1. Reasonable Hourly Rate

The reasonable hourly rate corresponds to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorney in question. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986) amended on other grounds, 808 F.2d 1373 (1987). Plaintiff has submitted an affidavit

describing the qualifications and experience of four individuals who worked on this case (three attorneys and one paralegal). Foster Decl., docket no. 101, ¶¶ 4-7. Each billing professional has a different hourly rate. Id. Two of the attorneys have submitted rates that have been reduced from their standard rates. Id. Given this information, and the Court's familiarity with the Seattle legal market, the Court concludes that these individual's hourly rates are reasonable.

However, in addition to the four individuals identified in the affidavit, the itemized list of work performed by plaintiff's counsel during this case includes time billed by three other individuals. See Foster Decl., docket no. 101, Ex. A at 11, 17 & 24.[1] Because the affidavit does not describe the qualifications of these three individuals, the Court cannot determine the reasonableness of their rates and plaintiff cannot recover fees for the time they expended on the litigation.

### 2. Time Spent

#### a) Reasonable Hours Spent on the Litigation

The fee applicant bears the burden of documenting the hours expended in litigation and must submit evidence in support of those hours. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Those hours may be reduced by the court where documentation is inadequate, if the case was overstaffed and hours are duplicated, or if

---

[1] Specifically, the spreadsheet provided by plaintiff describes work performed by individuals with initials that are different than the four individuals identified in Ms. Foster's declaration: KMA, PAR and MVJ. Foster Decl., docket no. 101, Ex. A. A description of the tasks performed by these individuals is set forth in Table 1.

ORDER - 4

the hours expended are deemed excessive or otherwise unnecessary.  Chalmers, 796 F.2d at 1210.

As set forth in Table 1 below, the Court has identified those time entries on plaintiff's itemized statement for which plaintiff has failed to meet its burden of demonstrating that the time spent was reasonably expended in the prosecution of its claims in this lawsuit.[2]  These entries include time that does not appear related to the prosecution of its claims against the defendants (such as time billed for sending cease and desist letters to third parties, or time that is inadequately described).  Similarly, the Court will not award fees sought by plaintiff in connection with time spent in a related lawsuit in the Eastern District of Massachusetts.  That case was a declaratory judgment action filed by the defendants on August 1, 2008, prior to plaintiff's initiation of this lawsuit.  See Teupen America, LLC et al. v. SafeWorks, LLC, 08-cv-11320 (E.D. Mass.).  Although SafeWorks successfully obtained a transfer of venue from the court in Massachusetts, and the transferred case was ultimately consolidated with this case, see Minute Order, docket no. 29, the Court declines to award attorneys' fees for time spent litigating a different case in a different district.

---

[2] Where plaintiff failed to properly apportion time billed on particular tasks (commonly referred to as "block billing") the Court has eliminated the entire entry from consideration.  Plaintiff bears the burden of submitting evidence in support of its claim for time spent on the litigation and it is not the Court's obligation to allocate specific amounts of time to particular tasks where plaintiff has failed to do so.  See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) ("We do not quarrel with the district court's authority to reduce hours that are billed in block format.  The fee applicant bears the burden of documenting appropriate hours expended in the litigation and must submit evidence in support of those hours worked.").

ORDER - 5

*b)   Attorneys' Fees Under the Lanham Act*

In addition, "as a general matter, a prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for time spent litigating the Lanham Act claims. <u>Gracie v. Gracie</u>, 217 F.3d 1060, 1069 (9th Cir. 2000). Similarly, in a case in which a party prevails on some but not all of its claims under the Lanham Act, that party may only recover attorneys' fees incurred in prosecuting the prevailing claims. <u>Cairns v. Franklin Mint Co.</u>, 292 F.3d 1139, 1157-58 (9th Cir. 2002).

However, a party may recover legal fees incurred in litigating non-Lanham Act claims (or non-recoverable Lanham Act claims) if those claims are so intertwined with the prevailing Lanham Act claims that it is impossible to differentiate between work done on the different claims. <u>Gracie</u>, 217 F.3d at 1069. The Ninth Circuit has cautioned, however, that the impossibility of making an exact apportionment between Lanham Act claims and non-Lanham Act claims (or non-recoverable Lanham Act claims) does not relieve the court of its duty to make some attempt to adjust the fee award to reflect an apportionment. <u>Cairns</u>, 292 F.3d at 1157-58. Thus, while calculating an exact percentage may be impossible, the district court has a duty to make some attempt to adjust the fee award to reflect, even if imprecisely, for work performed on non-Lanham Act claims (or non-recoverable Lanham Act claims). <u>Gracie</u>, 217 F.3d at 1070. Reducing a total attorney fee amount by a percentage that represents work on non-Lanham Act claims (or non-recoverable Lanham Act claims)

is one method courts have used to apportion attorneys' fees.  See Cairns, 292 F.3d at 1158.

(1) Non-Lanham Act Claims

Plaintiff is not entitled to recover its fees for time spent litigating its non-Lanham Act claims for breach of contract and violation of the CPA against any of the defendants.[3]  Plaintiff argues that the time spent litigating the CPA claim is inextricably intertwined with its Lanham Act claims because the CPA test for unfair competition is identical to the test set forth in the Lanham Act.  See eAcceleration Corp. v. Trend Micro, Inc., 408 F.Supp.2d 1110, 1114 (W.D.Wash. 2006).  Although CPA cases apply the same "likelihood of confusion" test as the Lanham Act, the CPA also requires proof of actual damages, which are not required under the Lanham Act.  Compare Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986) with 15 U.S.C. § 1125(a) (requiring only likelihood of damage from trademark infringement).  Plaintiff was unsuccessful in proving its CPA claim because it could not show actual damages at trial.  Findings of Fact & Conclusions of Law, docket no. 96, CL ¶ 13-14.  To account for this, plaintiff has voluntarily reduced its requested fees by five hours.  Foster Decl., docket no. 101, ¶ 12.

Similarly, plaintiff argues that the time spent on its breach of contract claim is inextricably intertwined with the time spent on the Lanham Act claims.  In particular,

---

[3] Plaintiff also argued at trial that the defendants should be liable for common law tortious interference with a business expectancy, and conspiracy.  See Findings of Fact & Conclusions of Law, docket no. 96, CL ¶ 17.  These allegations were not pled, only vaguely stated, and were not central to the lawsuit.  The time spent by plaintiff in pursing these claims was negligible, and does not merit any reduction in the Court's fee award under the Lanham Act.

ORDER - 7

plaintiff cites to the Court's partial reliance on the contracts in finding that the defendants acted in bad faith.  See Findings of Fact & Conclusions of Law, docket no. 96, CL ¶¶ 8(d), 28.  Plaintiff also argues that it has already voluntarily reduced its breach of contract claim by not including a significant amount of time billed to that issue.  See Foster Decl., docket no. 101, ¶ 13.  Defendant argues that the time spent on the breach of contract claim amounted to 50% of the case, and seeks a reduction in any award by that amount.

Portions of the breach of contract claim and CPA claim are undoubtedly intertwined with the Lanham Act claims.  Nonetheless, the Court has a duty to apportion fees where possible.  Accordingly, the Court has eliminated any specific time entries related to the CPA and breach of contract claims which are identified in Table 1 below.  Although defendants contend that a 50% percent reduction is warranted because the contract claims comprised half of plaintiff's case, the Court concludes that a further reduction to reflect an apportionment of time to Non-Lanham Act claims beyond the deletion of specific time entries is not necessary.  The plaintiff asked only a few questions at one deposition about the breach of contract claim, and only a small fraction of the written discovery was devoted to that issue.  See Foster Decl., docket no. 101, ¶ 13.  Moreover, plaintiff has already voluntarily reduced its claim for fees based on breach of contract and the CPA by excluding time spent on those matters.  Foster Decl., docket no. 101, ¶¶ 10-12.  At trial, the vast majority of the case related to the Lanham Act claims.  Consequently, with the exception of the

specific Non-Lanham Act time entries that have been excluded by the Court, any remaining time is inextricably intertwined with the Lanham Act claims.

(2) Non-Recoverable Lanham Act Claims

Plaintiff also cannot recover attorneys' fees for time spent litigating its unsuccessful Lanham Act claims against defendants Leonardo Polonski and The Spiderlift Company.  Cairns v. Franklin Mint Co., 292 F.3d 1139, 1157-58 (9th Cir. 2002).  As a practical matter however, The Spiderlift Company is a shell entity that has never operated and owns no assets.  See Findings of Fact & Conclusions of Law, docket no. 96, FF ¶ 8.  Plaintiff devoted little time to its claims against The Spiderlift Company that is separate from the time spent litigating its successful Lanham Act claims, and only a small reduction in the fee award is necessary.

With respect to the claims against Mr. Polonski, defendants argue that they comprise 50% of the lawsuit (the other 50% attributable to the collective corporate defendants).  The evidence at trial demonstrated that the different corporate entities are related, and operated by Mr. Polonski collectively.  The Court agrees that plaintiff pursued claims against the corporate entities collectively and separately from its pursuit of individual liability against Mr. Polonski.  Nonetheless, the Court cannot conclude that a 50% reduction in fees would reflect an appropriate apportionment.  Mr. Polonski is the president of each entity, and the person directly involved in the corporate misconduct.  Findings of Fact & Conclusions of Law, docket no. 96, FF

¶¶ 11, 16, 17, 49, 50, 53.  Some of the claims against Mr. Polonski are inextricably intertwined with plaintiff's claims against the corporate defendants.

However, plaintiff did devote time at trial and throughout the case to pursing individual liability against Mr. Polonski.  The Court believes that a 20% reduction in the fee award reflects a reasonable apportionment based on the Court's estimation of the amount of time devoted by the plaintiff to its pursuit of individual liability against Mr. Polonski and its claims against The Spiderlift Company.

### 3. Presumptive Lodestar Figure

For the reasons set forth in this Order, the Court has declined to include the following time entries in its award of fees to plaintiff:

Table 1

| Date | Billing Prof. | Hours | Amount | Reason Time Entry Excluded by the Court |
|---|---|---|---|---|
| 08/10/2008 | SF | 1.8 | $486.00 | Includes Time Billed to Massachusetts Case |
| 08/12/2008 | SF | 2.4 | $648.00 | Includes Time Billed to Massachusetts Case |
| 09/02/2008 | SF | 0.5 | $135.00 | Includes Time Billed to review Trademark Applications |
| 09/04/2008 | SF | 0.3 | $81.00 | Time Billed to Massachusetts Case |
| 09/26/2008 | SF | 0.4 | $108.00 | Insufficient description of task performed |
| 09/27/2008 | SF | 3.2 | $864.00 | Time Billed to Massachusetts Case |
| 09/29/2008 | SWE | 1.2 | $324.00 | Time Billed to Massachusetts Case |
| 09/29/2008 | SF | 5.6 | $1,512.00 | Includes Time Billed to Massachusetts Case |
| 09/30/2008 | SF | 3.1 | $837.00 | Time Billed to Massachusetts Case |
| 10/01/2008 | SF | 1.3 | $351.00 | Time Billed to Massachusetts Case |
| 10/07/2008 | HMM | 1.5 | $337.50 | Time Billed to Massachusetts Case |
| 10/09/2008 | SF | 3.5 | $945.00 | Time Billed to Massachusetts Case |
| 10/10/2008 | SF | 1.5 | $405.00 | Includes Time Billed to Massachusetts Case |
| 10/10/2008 | HMM | 0.4 | $90.00 | Includes Time Billed to Massachusetts Case |
| 10/13/2008 | HMM | 2.2 | $495.00 | Includes Time Billed to Massachusetts Case |
| 10/14/2008 | SF | 1.2 | $324.00 | Time Billed to Massachusetts Case |

ORDER - 10

| Date | Initials | Hours | Amount | Notes |
|---|---|---|---|---|
| 10/15/2008 | SF | 3.4 | $918.00 | Time Billed to Massachusetts Case |
| 10/15/2008 | HMM | 1.0 | $225.00 | Time Billed to Massachusetts Case |
| 10/15/2008 | SWE | 2.2 | $594.00 | Time Billed to Massachusetts Case |
| 10/16/2008 | HMM | 2.0 | $450.00 | Time Billed to Massachusetts Case |
| 10/16/2008 | SF | 5.6 | $1,512.00 | Time Billed to Massachusetts Case |
| 10/17/2008 | HMM | 2.4 | $540.00 | Time Billed to Massachusetts Case |
| 10/17/2008 | SF | 4.2 | $1,134.00 | Time Billed to Massachusetts Case |
| 10/20/2008 | HMM | 2.5 | $562.50 | Includes Time Billed to Massachusetts Case |
| 10/30/2008 | SF | 0.3 | $81.00 | Time Billed to Massachusetts Case |
| 10/31/2008 | SF | 0.3 | $81.00 | Time Billed to Massachusetts Case |
| 11/03/2008 | SF | 3.8 | $1,026.00 | Time Billed to Massachusetts Case |
| 11/03/2008 | HMM | 2.2 | $495.00 | Time Billed to Breach of Contract Claim |
| 11/04/2008 | SF | 0.5 | $135.00 | Time Billed to Massachusetts Case |
| 11/05/2008 | SF | 0.5 | $135.00 | Time Billed to Massachusetts Case |
| 11/06/2008 | SF | 2.3 | $621.00 | Time Billed to Massachusetts Case |
| 11/07/2008 | SF | 0.3 | $81.00 | Time Billed to Massachusetts Case |
| 11/10/2008 | SF | 3.3 | $891.00 | Time Billed to Massachusetts Case |
| 11/11/2008 | SF | 4.5 | $1,215.00 | Time Billed to Massachusetts Case |
| 11/12/2008 | SF | 4.2 | $1,134.00 | Time Billed to Massachusetts Case |
| 11/12/2008 | SWE | 0.8 | $216.00 | Time Billed to Massachusetts Case |
| 11/18/2008 | SF | 0.5 | $135.00 | Time Billed to Massachusetts Case |
| 11/19/2008 | SF | 0.5 | $135.00 | Time Billed to Massachusetts Case |
| 11/20/2008 | SF | 0.9 | $243.00 | Time Billed to Massachusetts Case |
| 11/25/2008 | SF | 0.3 | $81.00 | Time Billed to Massachusetts Case |
| 12/03/2008 | SF | 7.9 | $2,133.00 | Time Billed to Massachusetts Case |
| 12/04/2008 | SF | 5.9 | $1,593.00 | Time Billed to Massachusetts Case |
| 12/05/2008 | SF | 7.2 | $1,944.00 | Time Billed to Massachusetts Case |
| 12/08/2008 | SF | 0.6 | $162.00 | Time Billed in Connection with Cease & Desist Letters Sent to Third parties |
| 12/09/2008 | SF | 1.1 | $297.00 | Time Billed in Connection with Cease & Desist Letters Sent to Third parties |
| 01/07/2009 | SF | 0.4 | $108.00 | Time Billed in Connection with Cease & Desist Letters Sent to Third parties |
| 02/09/2009 | KMA | 0.25 | $18.75 | Plaintiff provided no description of professional qualifications |
| 04/07/2009 | HMM | 2.0 | $450.00 | Time Billed to Consumer Protection Act Claim |
| 08/04/2009 | SWE | 1.5 | $405.00 | Time Billed to Breach of Contract Claim |
| 09/03/2009 | PAR | 6.1 | $762.50 | Plaintiff provided no description of professional qualifications |

ORDER - 11

| Date | Initials | Hours | Amount | Description |
|---|---|---|---|---|
| 09/10/2009 | MRA | 3.1 | $387.50 | Includes Time Billed in Connection with Cease & Desist Letters Sent to Third parties |
| 09/17/2009 | SWE | 1.4 | $540.00 | Time Billed to Breach of Contract Claim |
| 09/17/2009 | SF | 2.0 | $378.00 | Time Billed in Connection with Cease & Desist Letters Sent to Third parties |
| 09/18/2009 | SWE | 3.5 | $945.00 | Includes Time Billed to Breach of Contract Claim |
| 11/05/2009 | SWE | 3.0 | $810.00 | Includes Time Billed to Breach of Contract Claim |
| 11/06/2009 | SWE | 3.4 | $918.00 | Includes Time Billed to Breach of Contract Claim |
| 11/08/2009 | SWE | 3.5 | $945.00 | Includes Time Billed to Breach of Contract Claim |
| 11/09/2009 | SWE | 4.6 | $1,242.00 | Includes Time Billed to Breach of Contract Claim |
| 11/10/2009 | SWE | 6.0 | $1,620.00 | Includes Time Billed to Breach of Contract Claim |
| 11/12/2009 | SWE | 2.5 | $675.00 | Includes Time Billed to Breach of Contract Claim |
| 03/08/2010 | MVJ | 0.6 | $177.00 | Plaintiff provided no description of professional qualifications |
| 05/02/2010 | SWE | 4.2 | $1,155.00 | Includes Time Billed to Breach of Contract Claim |
| 05/17/2010 | SWE | 0.5 | $137.50 | Time Billed in Connection with Cease & Desist Letters Sent to Third parties |

Excluding the time entries set forth in Table 1, plaintiff's counsel billed $237,617.25 in fees throughout this case. (See Table 2). The Court finds that this is a reasonable amount of attorneys' fees in light of the issues involved in this case, the amount at stake, and the procedural history of the case. In particular, the parties conducted extensive discovery in several jurisdictions, and both parties engaged in significant motions practice throughout the case. The parties also engaged in extensive, albeit ultimately unsuccessful, settlement negotiations prior to trial.

ORDER - 12

However, in accordance with its obligation to apportion the fee award to reflect time spent on matters unrelated to the Lanham Act claims, and in particular the plaintiff's unsuccessful effort to obtain a finding of personal liability against Mr. Polonski, the Court reduces the fee award to plaintiff by 20%, to a total presumptive lodestar amount of $190,093.80.

Table 2

| Billing Prof. | Hours | Rate | Total Amount Billed |
|---|---|---|---|
| Stacie Foster (2008-09) | 240.9 | $270.00 | $65,043.00 |
| Stacie Foster (2010) | 199.3 | $275.00 | $54,807.50 |
| Steven Edmiston (2008-09) | 118.2 | $270.00 | $31,914.00 |
| Steven Edmiston (2010) | 105.7 | $275.00 | $29,067.50 |
| Heather Morado | 120.65 | $225.00 | $27,146.25 |
| Melani Anderson[4] (2008-09) | 108.7 | $125.00 | $13,587.50 |
| Melani Anderson (2010) | 118.9 | $135.00 | $16,051.50 |
| | | Total | $237,617.25 |
| | | 20% Reduction | $190,093.80 |

---

[4] It is the plaintiff's practice to bill time for paralegal work separately. Foster Decl., docket no. 101, ¶¶ 7-8. Based on the Court's knowledge of the Seattle legal community, it is the prevailing practice for law firms to bill time spent by paralegals separately. Accordingly, an award of paralegal fees is properly included in an award of attorneys' fees. Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co., 460 F.3d 1253, 1257 (9th Cir. 2006).

ORDER - 13

### 4.  Adjustments to the Presumptive Lodestar Figure

In appropriate cases, the court may adjust the presumptively reasonable lodestar figure based on the following factors:  (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesireability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975).  The court need not consider all the factors, only those called into question by the case at hand and necessary to support the reasonableness of the fee award.  Kessler v. Assocs. Fin. Servs. Co. of Hawaii, 639 F.2d 498, 500 n.1 (9th Cir. 1981).

In addition to the Kerr factors, defendants seek a further reduction of the presumptive lodestar figure based on equitable considerations, citing GOPETS, Ltd. v. Hise, 2009 WL 412204 (C.D.Cal. 2009).  In GOPETS, the Court took the substantial award of statutory damages along with the defendants' lack of sophistication into consideration in determining the reasonableness of the fees sought.  Id. at *3.  Here, defendants argue that the Court's finding of bad faith should be mitigated by other evidence, including the defendants' lack of sophistication and the evidence presented

ORDER - 14

at trial supporting defendants' claim that plaintiff's mark is generic.  Defendants also cite the Court's award of defendants' profits to plaintiff, in the amount of $56,882.00, as a factor weighing against a large award of attorneys' fees.

The Court agrees that the defendants lacked sophistication.  The Court also considers the fact that the defendants' have operated their business only on the fringe of profitability, and agrees that they have limited means to pay a judgment of fees.  See e.g., Scholastic, Inc. v. Stouffer, 246 F.Supp.2d 355, 359-60 (S.D.N.Y. 2003) (reducing fee awarded by 2/3 despite bad faith because losing party had limited means).  Finally, although the conduct was willful, it was not overly egregious or outrageous.  These factors weigh in favor of a downward adjustment.

In light of the equitable considerations set forth in Scholastic and GOPETS, and the factors set forth in Kerr, including the results obtained by plaintiff's counsel, the Court exercises its discretion to adjust the presumptive lodestar figure downward by an additional ten percent.  A ten percent adjustment to the presumptive lodestar amount of $190,093.80 results in an award of fees in the amount of $171,084.42.

**B. Non-Taxable Costs**

Plaintiff also requests an award of $11,143.79 in non-taxable costs as part of its attorneys' fees, consisting of $1,477.79 in travel expenses, $2,871.00 in mediation fees and $6,795.00 in expert witness fees.  Plaintiff cites Grove v. Wells Fargo Fin. Cal. Inc., 606 F.3d 577 (2010) for the proposition that non-taxable expenses may be included within an award of statutory attorneys' fees.  In Grove, the Ninth Circuit

reversed the district court's denial of non-taxable costs sought by the prevailing party, indicating that the statutory definition of "attorneys' fees" under the Fair Credit Reporting Act included non-taxable costs. Id. at 582.

Although the Ninth Circuit used expansive language when referring to "non-taxable costs" in Grove, the only costs at issue in that case were postage, facsimiles, travel, mediation services and video conferencing. Id. at 579. Grove does not stand for the proposition that all non-taxable costs may be included as attorneys' fees. In West Virginia Univ. Hosps. v. Casey, 499 U.S. 83, 86 (1991) abrogated in part on other grounds by Pub.L. No. 102-166, Title 1, § 113(b), 105 Stat. 1075, 1079 (1991), the United States Supreme Court held that expert witness fees are not recoverable as attorneys' fees absent explicit statutory language to the contrary. As the Lanham Act does not expressly provide that expert witness fees are recoverable as attorneys' fees, expert fees are not the type of "non-taxable" fee that is recoverable under Grove.

Here, plaintiff seeks reimbursement of travel expenses, mediation fees, and expert witness fees. Consistent with Casey, the Court declines to award plaintiff's expert witness fees as attorneys' fees. However, pursuant to Grove, the Court awards plaintiff's travel expenses and mediation fees as part of plaintiff's attorneys' fees, in the amount of $4,348.79, for a total final award of attorneys' fees in the amount of $175,433.21.

### III. CONCLUSION

The Court GRANTS in part and DENIES in part plaintiff's motion for attorneys' fees. Plaintiff is entitled to judgment for its reasonable attorneys' fees in the amount of $175,433.21.

IT IS SO ORDERED.

DATED this 29th day of July, 2010.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge